**LAURIE Q., et al., each by guardian ad litem, individually and on behalf of others similarly situated, Plaintiffs,**

**v.**

**John CALLAHAN, Commissioner, Social Security Administration; Contra Costa County; and Does 1–10, Defendants.**

**No. C–96–3483 MHP.**

United States District Court, N.D. California.

May 22, 1997.

---

Michael S. Sorgen, Michael S. Sorgen Law Office, San Francisco, CA, Brad W. Dacus, Ruthford Institute, Sactamento, CA, Darren Kessler, Law Offices of Darren J. Kessler, El Cerrito, CA, for Laurie Q., Angel L., Megan W., Christina T., Rebecca T., Jesse B., Kendra G., Cherida L.

Michael S. Sorgen, Michael S. Sorgen Law Office, San Francisco, CA, Darren Kessler, Law Offices of Darren J. Kessler, El Cerrito, CA, for R.R., P.B., J.G., M.L., S.T., T.W.

Mary Beth Uitti, U.S. Atty's Office, San Francisco, CA, Colleen B. Grzeskowiak, U.S. Dept. of Justice, Civil Div., Federal Program Branch, Washington, DC, for Donna E. Shalala.

Victor J. Westman, County Counsel, Andrea W. Cassidy, Office of County Counsel, Martinez, CA, Bernard L. Knapp, Office of County Counsel, County of Contra Costa, Martinez, CA, for Contra Costa County.

PATEL, District Judge.

Plaintiffs Laurie Q. et al, individually and on behalf of others similarly situated, are or were special needs foster children in the care and custody of defendant Contra Costa County ("the County"). Plaintiffs maintain that the County, allegedly the representative payee of Social Security benefits for the children, impeded the adoption process and used the benefits for purposes unrelated to the children. Plaintiffs also allege that defendant John Callahan, Commissioner of the Social Security Administration ("the Commissioner")[1] violated federal law by permitting the County to serve as representative payee.

The Commissioner filed a motion to dismiss the action for lack of subject matter jurisdiction. A hearing on the motion was held on March 14, 1997. The court questioned the parties regarding recent amendments to the relevant caselaw and ordered both sides to submit supplemental briefs. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court now enters the following memorandum and order.

## BACKGROUND

Laurie Q., Angel L., Megan W., Christina T., Rebecca T., Jesse B., Kendra G., and Cherida L. are the named plaintiffs in this action. Each is a minor who has been or is committed to the custody of the County and who is allegedly a past or present beneficiary of Supplemental Security Income ("SSI").

All of the children have disabilities or special needs, most deriving from pre-natal exposure to drugs and/or alcohol. Some of them were subject to sexual abuse. All were taken into legal custody, made dependents of the County, and placed into foster care. Because of their status as indigent disabled persons, plaintiffs are entitled to receive benefits that assist in alleviating expenses incurred as a result of their special needs. These benefits include SSI and Adoption Assistance Program ("AAP") funds.

Under the Social Security Act ("Act"), a qualified individual or organization may be appointed as a representative payee for an SSI beneficiary. 42 U.S.C. § 1383(a)(2)(A)(ii)(I). The payee receives the funds for the use and benefit of the SSI beneficiary. *Id.* The Commissioner must first make a finding that the representative payment is in the interest of the beneficiary, 42 U.S.C. § 1383(a)(2)(B)(I), and also must select the person, agency, organization or institution that will best serve the interests of the beneficiary. 20 C.F.R. § 416.620. When selecting payees for persons under 18, such as plaintiffs, an order of preference is used which incorporates factors such as natural or adoptive relation to or friendship with the beneficiary, custody of the beneficiary, contributions toward the beneficiary's support, and demonstrated concern for the beneficiary's well-being. 20 C.F.R. § 416.621(b). This order of preference, however, is not mandatory; rather, it is intended to he used as a guide. 20 C.F.R. § 416.621.

---

1. The original complaint was filed against Donna E. Shalala, Secretary of Health and Human Services. Under P.S. No. 103–296, however, the functions of the Secretary were transferred to the Commissioner of Social Security effective March 31, 1995. Thus, under Rule 25(d) of the Federal Rules of Civil Procedure, John Callahan, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action.

Appointment of state and local institutions as representative payees is allowed under the Act. 42 U.S.C. §§ 1383(a)(2)(A)(ii), (vii); 20 C.F.R. §§ 416.601(a), 416.621(b)(7). The representative payee must report to the Commissioner at least annually regarding the use of the beneficiary's payments.

Once children in the County are taken into county custody under the foster care system, the County normally applies for SSI benefits and to act as the child's representative payee. Complaint ¶ 22. According to plaintiffs, the Commissioner automatically approves appointment of the County as representative payee, without consideration of the relevant factors. *Id.* In addition, plaintiffs maintain, beneficiaries such as the children in this action are not notified by the Commissioner of the County's appointment as representative payee nor of their right to challenge the appointment through appeal procedures. Plaintiffs allege that the County misappropriates their benefits by, inter alia, using the funds in programs unrelated to their welfare. Complaint ¶ 23.

## LEGAL STANDARD

 Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publishing Co. v. General Telephone & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir.1979). When attacking the complaint for lack of subject matter jurisdiction on its face, as defendants do here, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986).

## DISCUSSION

Most of plaintiffs' allegations in this action are against the County, who is not a party to the current motion to dismiss. There are, however, several causes of action against the Commissioner. To begin with, plaintiffs challenge the appointment by the Social Se-

curity Administration ("SSA")[2] of the County as representative payee to receive plaintiffs' SSI benefits. Furthermore, plaintiffs maintain that the Commissioner fails to adequately monitor the County in its performance as representative payee. Finally, plaintiffs allege that the Commissioner provides inadequate notice of the County's appointment as representative payee. Plaintiffs seek several forms of relief against the Commissioner, including a declaratory judgment that the Commissioner's actions violate federal law and injunctive relief requiring the Commissioner to follow federal law. Plaintiffs maintain that contrary to defendant's assertions, there are several bases for this court's subject matter jurisdiction over the action as it pertains to the Commissioner.

### I. *Jurisdiction Under 42 U.S.C. § 405(g)*

Matters arising under Titles II and XVI of the Act, such as this one, are subject to judicial review pursuant to 42 U.S.C. § 405(g) which provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(g) is generally considered the sole avenue for judicial review under the Act. 42 U.S.C. § 405(h); *Heckler v. Ringer,* 466 U.S. 602, 617, 104 S.Ct. 2013, 2022–23, 80 L.Ed.2d 622 (1984).

There are three requirements for judicial review pursuant to section 405(g). First, there must have been a "final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party." 42 U.S.C. § 405(g). Second, any civil action must be "commenced within sixty days after the mailing to [the plaintiff] of notice of such decision or within such further time as the Commissioner of Social Security may allow." *Id.* Finally, the action must be

---

**2.** The SSA is a division of the Department of Health and Human Services.

brought in the appropriate district court, such as the district where the plaintiff resides. *Id.*

## A. *Final Decision Requirement*

■ The final decision requirement "consists of two elements, only of which is purely 'jurisdictional' in the sense that it cannot be waived by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The non-waivable element is the requirement that a claim for benefits shall have been presented to the secretary."

*Bowen v. City of New York,* 476 U.S. 467, 483, 106 S.Ct. 2022, 2031, 90 L.Ed.2d 462 (1986) (quoting *Mathews v. Eldridge,* 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976)); see also, *Johnson v. Shalala,* 2 F.3d 918, 921 (9th Cir.1993).

### 1. *Presentment*

This court does not have subject matter jurisdiction over this action if the presentment requirement is not met. Defendant argues that in order to meet the presentment requirement in a case such as this one, where plaintiffs challenge the designation of a representative payee, plaintiffs must at least show that they have sought reconsideration of the Commissioner's designation of a particular representative. Plaintiffs counter that where claimants have already successfully pursued a claim for entitlement, the presentment requirement is met.

#### a. *Briggs and Post–Briggs Amendments*

In *Briggs v. Sullivan,* the case primarily relied on by plaintiffs in their opposition to defendant's motion, the Ninth Circuit held that "[t]he presentment requirement is satisfied when an individual makes a claim for benefits, and the Secretary determines that the claimant meets the eligibility requirements for those benefits." 886 F.2d 1132, 1139 (9th Cir.1989). The *Briggs* plaintiffs challenged the non-receipt of their benefits as well as the procedure of deferring or suspending benefits pending the designation of a representative payee. The Ninth Circuit found that the claim at issue was "not, strict-

ly speaking, a 'claim for benefits' in the sense in which the phrase was used by the Supreme Court in *Mathews,*" but was rather collateral to an eligibility determination. *Briggs,* 886 F.2d at 1139. The court went on to state that "there was no requirement ... that the class members 're-present' their claims to the Secretary in order to obtain review of the collateral issue." *Id.*

According to plaintiffs, *Briggs* is controlling law and makes clear that the fact that they have already been deemed to be eligible for benefits means that they have satisfied the presentment requirement. Since *Briggs* was decided however, Congress has amended the portions of the Act pertaining to representative payee selection and recruitment procedures. 42 U.S.C. § 1383. One amended section states that decision to distribute benefits to a representative payee:

shall be made on the basis of—

(I) an investigation by the Commissioner of Social Security of the person to serve as representative payee, which shall be conducted in advance of such payment, and shall, to the extent practicable, include a face-to-face interview with such person, and

(II) adequate evidence that such payment is in the interest of the individual or eligible spouse (as determined by the Commissioner of Social Security in regulations)

42 U.S.C. § 1383(a)(2)(B)(i). The amendments also addressed the issue of the notice required in representative payee situations. For minor beneficiaries, such as plaintiffs, notice must be provided solely to their legal guardians or legal representatives. 42 U.S.C. § 1383(a)(2)(B)(xii). The notice must be:

easily understandable to the reader, shall identify the person to be designated as such individual's representative payee, and shall explain to the reader the right ... of such individual or such individual's legal guardian or legal representative—

(I) to appeal a determination that a representative payee is necessary for an individual,

(II) to appeal the designation of a particular person to serve as the representative payee of such individual, and

(III) to review the evidence upon which such designation is based and submit additional evidence.

42 U.S.C. § 1383(a)(2)(B)(xiii). Perhaps most importantly, the amendments, unlike the statute as it existed at the time of *Briggs,* mandate that:

(xi) Any individual who is dissatisfied with a determination by the Commissioner of Social Security to pay such individual's benefits to a representative payee under this subchapter, or with the designation of a particular person to serve as representative payee, shall be entitled to a hearing by the Commissioner of Social Security, and to judicial review of the Commissioner's final decision, to the same extent as is provided in subsection (c) of this section.[3]

42 U.S.C. § 1383(a)(2)(B)(xi).

Through these amendments, Congress described in greater detail the process used to designate representative payees and specified the procedure available to challenge such a designation. Thus, the issues presented to the court at this juncture are whether the post-*Briggs* amendments establish an additional or different presentment requirement for one attempting to challenge the designation of a representative payee and, if so, whether this requirement applies to the plaintiffs in this action.

The parties do not cite, and the court has been unable to locate, any cases which deal specifically with the presentment requirement in the context of a challenge to the designation of a representative payee after the amendments to the Act. The legislative history of the amendments, while not dispositive of the statute's construction, do indicate that the purpose of section 1383(a)(2)(B)(xi) is to create appeal rights in a beneficiary unhappy with his or her representative payee

designation. The House Conference Report states that under the amendments:

The beneficiary would have the right to 1) appeal the [Commissioner's] determination of the need for a representative payee; and 2) appeal the designation of a particular person to serve as representative payee. In appealing either the determination or the designation, the beneficiary (or the applicant in cases of initial entitlement) would have a right to review the evidence upon which the determination was based and to submit additional evidence to support the appeal.

House Conf., Rep. No 101–964, 101st Cong., 2d Sess. 930 (1990), *reprinted in* 1990 U.S.C.C.A.N. 2107, 2635.

Not surprisingly, plaintiffs and defendant interpret the amendments differently. Plaintiffs argue that the presentment issue should be interpreted liberally and also point out that neither the legislative history of the amendments nor any cases post-dating their enactment expressly state that a new presentment requirement was created by the representative payee amendments. Defendant, on the other hand, argues that the representative payee determination is substantively different from a claim for benefits and that the legislative history of the amendments supports the conclusion that an affirmative step beyond an initial application for benefits is needed in order to challenge a representative payee designation.

 Despite the unclear language of the statute and its legislative history, the court agrees with defendant and finds that the amendments create a presentment requirement separate from an initial claim of benefits in cases such as this, where plaintiffs are challenging solely the designation of a representative payee and not a denial of benefits.[4] Because this is a case of first impression, and because the subject matter jurisdiction of the federal courts is limited in cases involving the Act, the court is confident that the more

---

**3.** Subsection (c) describes the procedure necessary to challenge an adverse determination of the Commissioner.

**4.** Although the court does not find that the amendments operate to overrule *Briggs,* it does

find that its holding, insofar as it relates to the presentment requirement for challenges to representative payee determinations, is called into question.

prudent course of action here is to require plaintiffs to first seek relief before the Commissioner.

This conclusion also finds some support in the regulations promulgated · under section 1383(a)(2). For example, 20 C.F.R. § 416.630 states that if a beneficiary is dissatisfied with a representative payee determination, "he or she may request a reconsideration." Furthermore, 20 C.F.R. § 416.650 confirms that the SSA will attempt to find a new payee upon learning "that the interests of the beneficiary are not served by continuing payment to the present payee or that the present payee is no longer able to carry out the payee responsibilities." The SSA will also select a new payee if it finds a preferred payee or if the present payee—

(a) Has not used the benefit payments on the beneficiary's behalf in accordance with the guidelines in this subpart;

(b) Has not carried out the other responsibilities described in this subpart;

(c) Dies;

(d) No longer wishes to be payee;

(e) Is unable to manage the benefit payments; or

(f) Fails to cooperate, within a reasonable time, in providing evidence, accounting or other information [requested].

20 C.F.R. § 416.530. These regulations, while not explicitly stating that there is a presentment requirement for representative payee challenges separate from other benefits-related claims, do nonetheless indicate that there is a procedure in place at the SSA to deal with issues such as those presented by plaintiffs. Given this, it seems clear to the court that plaintiffs should first seek relief from the Commissioner.

There are also strong policy considerations underlying the court's finding. Requiring plaintiffs to present their current claim to the Commissioner allows the Commissioner to consider whether the original designations were in error or whether plaintiffs should be granted their requested relief. Thus far, plaintiffs have only presented a claim for benefits to the Commissioner and not a claim for improper designation of a representative payee. Permitting plaintiffs to proceed in court without first requiring them to present this specific claim would allow future claimants challenging the designation of a representative payee to circumvent the administrative process and present their claims in federal court without first giving the Commissioner notice and an opportunity to correct the alleged problem.

Nonetheless, plaintiffs invite the court to find that a new presentment requirement has not been created, pointing out that courts have generally interpreted the presentment requirement liberally. See, e.g., *Lopez v. Heckler*, 725 F.2d 1489, 1503 (9th Cir.), vacated on other grounds, 469 U.S. 1082, 105 S.Ct. 583, 83 L.Ed.2d 694 (1984); *Linquist v. Bowen*, 813 F.2d 884, 887 (8th Cir.1987). The court recognizes that fact, but is nonetheless convinced that the comprehensive amendments to the representative payee provisions of the act, particularly the amendments dealing with appeal rights, create a responsibility for beneficiaries challenging only a representative payee designation to first present their specific claim to the Commissioner.

In addition, the cases cited by plaintiffs are inapposite to this action. Plaintiffs point to *Herron v. Heckler*, 576 F.Supp. 218 (N.D.Cal. 1983), where the court found that the plaintiff's failure to raise her non-benefits related claims before the Commissioner did not prevent her from having satisfied the presentment requirement. *Id.* at 224 n. 6. Similarly, in *Crisci v. Shalala*, 169 F.R.D. 563 (S.D.N.Y.1996), also cited by plaintiffs, defendants conceded that plaintiffs had satisfied the presentment requirement by making a claim for benefits, even though plaintiffs had failed to present their separate bias claim to the Commissioner. *Id.* at 569. In this action, however, the court finds that a separate presentment requirement for representative payee claims was created because of the comprehensive amendments to the portions of the Act dealing with representative payment, not merely because plaintiffs' claims are unrelated to their claims for benefits. The court does not mean to suggest that a potential plaintiff must submit each of his or her non benefits-related claims to the Commissioner in order to satisfy the presentment requirement. Rather, the court merely holds

that the amendments to the Act require plaintiffs to submit their representative payee claims to the Commissioner before the court may find that the presentment requirement is satisfied.

■ Plaintiffs also argue that, even assuming a new presentment requirement was created by the amendments, it was not triggered in the instant action. According to plaintiffs, only those who receive notice of the representative payee determination pursuant to 42 U.S.C. § 1383(a)(2)(B)(xii) can be mandated to present their claims to the Commissioner before seeking judicial relief.

It is correct that in the case of minors, such as plaintiffs, the Commissioner is required to send written notice to the minor's "legal guardian or legal representative." 42 U.S.C. § 1383(a)(2)(B)(xii). In addition, it appears that the notice requirements may not have been properly followed here, as counsel for defendant indicated at the prior hearing on this motion that notice might have been given to the County as legal custodian of the children, and not necessarily to their legal guardians or representatives. Nonetheless, the court does not agree with plaintiffs that the Commissioner's possible failure to provide proper notice relieves plaintiffs of their duty to fulfill the presentment requirement. The fact that the Commissioner may have failed to properly follow the Act does not necessarily suggest that plaintiffs need not first present their representative payee claims to the SSA.

The lack of notice should, however, serve to relieve plaintiffs of the 60 days statute of limitations of 42 U.S.C. § 405(g). Because the court has found that it does not have subject matter jurisdiction over this action, it may not rule that the statute of limitations should be equitably tolled. Nonetheless, because counsel for defendant represented that the notice provisions may not have been complied with, the court strongly urges the Commissioner to waive the statute of limitations and consider plaintiffs' claims on the merits. *See, e.g., Johnson v. Shalala,* 2 F.3d 918, 923 (9th Cir.1993) (stating that "[t]he requirement that a claimant appeal an adverse decision within 60 days is not jurisdictional. It is waivable by the Secretary or by the courts.")

b. *Retroactivity*

■ It remains to be considered whether the amendments apply to the plaintiffs in this action. The amendments to the representative payee provisions of the Act took effect on July 1, 1991 and thus apply to representative payment of benefits made on or after that date. 42 U.S.C. § 1383 (Historical and Statutory Notes, Effective Dates of 1990 Act).

The named plaintiffs in the current action were born between 1984 and 1991. Complaint ¶¶ 36–71. According to plaintiffs' complaint, applications for SSI benefits were made for Laurie Q. in 1993, for Jesse B. in 1994, and for Cherida J. in 1993. Complaint ¶¶ 38, 55, 65. Plaintiffs do not allege application dates for the remaining named plaintiffs, although they do maintain that they "believe" applications were made for Megan W. and Kendra J. Complaint ¶¶ 59, 71. In addition, plaintiffs allege that sometime in or after April 1995, Jesse B.'s foster parent discovered that the County had received SSI benefits on Jesse's behalf for more than one year. Complaint ¶ 55.[5]

According to plaintiffs' complaint, there seem to be no named plaintiffs whose benefits applications were filed before July 1, 1991, the effective date of representative payee amendments. Thus, the court finds that the amendments, and therefore the separate presentment requirement, apply to all of the named plaintiffs in this action.[6]

---

**5.** Defendant maintains that SSA records reveal that applications for benefits and designation of the County as representative payee were made only for Laurie Q. and Jesse B. According to defendant, no applications were made by the County on behalf of Angel L., Megan W., Christina T., Rebecca T., or Kendra G., and the application made on behalf of Cherida L. was denied. Defendant does not, however, submit

the records at issue. Furthermore, because the matter currently before the court is a motion to dismiss, all material allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *NL Industries,Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir. 1986).

**6.** Because the court has concluded that plaintiffs do not meet the non-waivable element of present-

## II. Alternate Grounds for Jurisdiction

Plaintiffs allege that this court has subject matter jurisdiction over this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq. and 28 U.S.C. §§ 1331, 1343(a) and 1361. Each of these grounds for jurisdiction will be considered.

### A. Mandamus Jurisdiction

■ Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." According to plaintiffs, even if this court does not have subject matter jurisdiction of this action pursuant to section 405(g), it may exercise its mandamus jurisdiction over the Commissioner. The Supreme Court has noted that in certain circumstances, mandamus jurisdiction may be available in Social Security cases against the Commissioner. Heckler v. Ringer, 466 U.S. 602, 616, 104 S.Ct. 2013, 2022, 80 L.Ed.2d 622 (1984); see also, Briggs, 886 F.2d at 1142 (confirming that Ninth Circuit caselaw holds that mandamus may lie against the Commissioner.)

■ "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler, 466 U.S. at 616, 104 S.Ct. at 2022. In this case, the court finds that plaintiffs have not exhausted all other avenues of relief. As the court has already noted, the Act provides plaintiffs with ample opportunity to appeal the representative payee designations. 42 U.S.C. § 1383(a)(2)(B)(xi); see also 42 U.S.C. § 405(g) & 20 C.F.R. § 404.902. Plaintiffs, however, have not yet made any attempt to do so. Thus, it is impossible for the court to find that mandamus is the only avenue for relief available to plaintiffs.

In addition, plaintiffs have not shown that defendant owed them a clear nondiscretionary duty. In Briggs, the Ninth Circuit concluded that mandamus jurisdiction was appropriate because plaintiffs maintained that the Act "imposed upon the Secretary a clear, nondiscretionary duty to pay Title II and Title XVI benefits directly to eligible beneficiaries . . . when no representatives exist." 886 F.2d at 1142. Here, plaintiffs maintain that by automatically approving the appointment of the County as representative payee and failing to require an accounting from the County, the SSA violates a clear duty it has to plaintiffs. What plaintiffs fail to show, however, is that this duty was a nondiscretionary one, as Heckler requires. 466 U.S. at 616, 104 S.Ct. at 2022. In fact, the designation of a representative payee is plainly an exercise of the Commissioner's discretionary authority.

To begin with, representative payees are not selected for all beneficiaries but only "[u]pon a determination by the Commissioner of Social Security that the interest of [a beneficiary] would be served thereby." 42 U.S.C. § 1383(a)(2)(A)(ii)(I). In addition, the regulations regarding representative payees require the Commissioner to consider a variety of factors before selecting a payee and to utilize a "flexible" order of preference. 20 C.F.R. §§ 416.615, 416.621. These provisions clearly indicate that the decision to appoint a representative payee and a determination of who will best serve that role are examples of a discretionary duty owed to plaintiffs. Thus, because the plaintiffs have failed to meet the requirements of Heckler, this court cannot exercise its mandamus jurisdiction over defendant.

### B. Jurisdiction Under 28 U.S.C. §§ 1331 and 1343(a)

#### 1. 28 U.S.C. § 1331

■ Plaintiffs also maintain that there is jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Unfortunately for plaintiffs, however, 42 U.S.C. § 405(h) expressly forbids plaintiffs from bringing matters arising under subchapter II

ment, it need not consider whether plaintiffs have met the waivable element of exhaustion of

administrative remedies. See Bowen, 476 U.S. at 483, 106 S.Ct. at 2031–32.

of the SSA.[7] under the general federal question provision of section 1331. Section 405(h) makes clear that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." *See also, Briggs,* 886 F.2d at 1138.

Despite this unambiguous statement, plaintiffs argue that because they are suing the Commissioner for relief other than that relating to a claim for benefits, their claims do not "arise under" the SSA. In support of their argument, plaintiffs cite to *Chilicky v. Schweiker,* 796 F.2d 1131 (9th Cir.1986), *rev'd on other grounds,* 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988), where the court found that jurisdiction did lie under section 1331. *Chilicky,* however, is inapposite to this action.

In *Chilicky,* plaintiffs brought a claim for money damages as a remedy for emotional distress they allegedly suffered as a result of erroneous administrative processes. *Id.* at 1135. The Ninth Circuit held that plaintiffs were precluded from seeking such relief under section 405(g). *Id.* Nonetheless, the court held that because plaintiffs brought their claim pursuant to the due process clause of the Fifth Amendment, the claim did not "arise under" the SSA and section 1331 jurisdiction was available. *Id.*

Here, plaintiffs are challenging their representative payee designations. Unlike the *Chilicky* plaintiffs, plaintiffs here seek relief which may be granted pursuant to section 405(g). *See, e.g.,* 42 U.S.C. § 1383(a)(2)(B)(xi) (stating that "[a]ny individual who is dissatisfied with a determination by the Commissioner of Social Security to pay such individual's benefits to a representative payee under this subchapter, or with the designation of a particular person to serve as representative payee, shall be entitled to a hearing by the Commissioner, ... and to judicial review of the Commissioner's final decision."); 20 C.F.R. § 404.902 (representative payee designation is an "initial determination" that is "subject to administrative and judicial review.") Furthermore, the

gravamen of plaintiffs' complaint against the Commissioner is that the SSA failed to follow its own representative payee standards. This is clearly a claim "arising under" subchapter II of the SSA. Thus, jurisdiction may not lie under section 1331.

### 2. *28 U.S.C. § 1343(a)*

■ Section 1343(a) provides in pertinent part that:

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

. . .

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

In their complaint, plaintiffs allege that jurisdiction is proper under this statutory provision, although it is unclear if plaintiffs assert it as grounds for jurisdiction against the County or the Commissioner. Complaint ¶ 6. Defendant maintains that the exercise of jurisdiction under 28 U.S.C. § 1343(a) as against the Commissioner is impermissible.

Plaintiffs do not respond to defendant's arguments concerning section 1343 in either their opposition to the motion to dismiss or their supplemental memorandum. As such, it appears as if they have conceded that jurisdiction is not proper pursuant to section 1343. In addition, the court has reviewed the statute and defendant's arguments and finds that section 1343 is not an appropriate ground for subject matter jurisdiction of this action, at least as against the Commissioner.

### C. *Declaratory Judgment Act*

■ Plaintiffs also assert jurisdiction pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201 *et seq.* As they must, however, plaintiffs admit that the DJA only creates a remedy and is not a separate source of federal subject matter jurisdiction.

---

**7.** This subchapter is entitled "Federal Old Age, Survivors, and Disability Insurance Benefits."

*Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1225 (9th Cir.1989). Rather, "to obtain declaratory relief in federal court, there must be an independent basis for jurisdiction." *Id.* Because the court has already determined that there is no basis for subject matter jurisdiction over this action, plaintiffs cannot seek relief pursuant to the DJA.

## CONCLUSION

For the foregoing reasons, the court hereby GRANTS defendant Commissioner's motion to dismiss.

IT IS SO ORDERED.