Evaristo A. MALDONADO
GUZMAN, Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant.

No. Civ. 01–1924(SEC).

United States District Court,
D. Puerto Rico.

Jan. 18, 2002.

Raymond L. Sanchez–Maceira, San Juan, P.R., for plaintiff.

Camille L. Velez–Rive, U.S., Attorney's Office District of P.R., Civil Division, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

CASELLAS, District Judge.

Before the Court is Evaristo A. Maldonado Guzman's petition for a writ of mandamus and request for injunctive relief.

(Docket # 1). For the reasons stated below in this Opinion and Order, Mr. Maldonado Guzman's requests will be denied, and the above-captioned case will be dismissed with prejudice.

### Background

Evaristo A. Maldonado Guzman ("Plaintiff") has filed a writ of mandamus and request for injunctive relief to compel the Commissioner of Social Security ("Defendant," "Commissioner") to make a determination on his application to be assigned as a representative payee for his daughter, Laura Soledad Maldonado, who is receiving benefits from the Social Security Administration. On August 2, 2000, Plaintiff filed a petition to be assigned as representative payee for his daughter. (Docket # 9, ex. 1). In a letter dated August 11, 2000, the Social Security Administration, informed the Plaintiff that he would be subsequently notified when a decision regarding the representative payment would be made. (Docket # 9, ex. 2). In a letter dated January 17, 2001, the Social Security Administration notified Plaintiff that they had decided that "it would be best for Laura Maldonado to have her checks sent to another person." (Docket # 9, ex. 3).

While this series of events was occurring, Plaintiff also sought, from the Social Security Administration, the disclosure of his daughter's records. This request was made pursuant to the Privacy Act, 5 U.S.C. § 552a, and the Freedom of Information Act, 5 U.S.C. § 552. The Social Security Administration determined however, that since Plaintiff's daughter was not a minor and Plaintiff was not her legal guardian the records could not be released under the Privacy Act. In addition, the Social Security Administration advised Plaintiff that under the Freedom of Information Act, the release of the requested information would not provide insight into the agency's performance of its statutory duties. Therefore, the request for information was denied.

In disagreement with the Social Security Administration's decision concerning the disclosure of his daughter's records, on November 19, 2000, Plaintiff filed a complaint in this Court seeking review of the agency's ruling. (Docket # 9, ex. 4). In this complaint, Plaintiff alleged that his daughter's benefit checks were being sent to his ex-wife, Ms. Laura Guerrero, who was not only misusing the funds but committing fraud upon the United States. Based on these facts, Plaintiff claimed that the Social Security Administration had improperly refused to provide him with the requested information concerning his daughter's case.

In an Order dated August 14, 2001, U.S. Magistrate Judge Aida M. Delgado Colon found that Plaintiff was not entitled to disclosure of the records under the Privacy Act. First, Magistrate Delgado Colon noted that Plaintiff was not seeking records or information about or pertaining to himself. Second, the judge held that nothing in the record suggested that Plaintiff supplied the Social Security Administration with the documents necessary in order to obtain the requested records pursuant to the Privacy Act. Therefore, the magistrate held that Plaintiff's avenue for relief under the Privacy Act was a dead end street.

Magistrate Delgado Colon also considered Plaintiff's request for disclosure under the Freedom of Information Act. In her analysis the magistrate agreed with the Social Security Administration's refusal to disclose the requested information. In refusing Plaintiff's request, the agency had relied on exemption six to the Freedom of Information Act's disclosure requirement. Exemption six mandates that the Freedom of Information Act "does not apply to matters that are ... personnel and medical files and similar files the dis-

closure of which would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6). After reviewing the agency's decision and the parties' arguments, Magistrate Delgado Colon held that "... Soledad's [Plaintiff's daughter] private interest in her Social Security records is substantial, while the public interest in disclosure is not. Disclosure of those records can be reasonably expected to be an unwarranted invasion of her privacy interest and the Commissioner's actions were proper in withholding those records pursuant to exemption 6 of FOIA." **(Docket # 9, ex. 5 at 12).**

Currently, Plaintiff alleges that as of July 9, 2001, the Social Security Administration has not made a determination on his application to be a representative payee for his daughter. He asserts that Commissioner's failure to act in a prompt manner is unjustified since he claims that on January 17, 2001, the Commissioner removed Plaintiff's prior representative payee and assigned another person. In addition, Plaintiff reiterates his earlier allegations of fraud, asserting that his daughter is mentally incapacitated rather than physically disabled. He alleges that she was receiving benefits due to a physical condition and that her benefits have been fraudulently obtained. Accordingly, Plaintiff requests that the Commissioner stop payment of his daughter's benefits until his latest complaint is resolved.

### The Parties' Arguments

In his petition for a writ of mandamus, Plaintiff argues that his claim arises under Section 555(e) of the Administrative Procedure Act ("APA"). That Section provides that, "[p]rompt notice shall be given of the denial in whole or in part of a written application, petition, or other request of an interested person made in connection with any administrative proceeding. Except in affirming a prior denial or when the denial is self-explanatory, the notice shall be accompanied by a brief statement of the grounds for denial." 5 U.S.C. § 555(e). In filing his petition, Plaintiff seeks to compel the Social Security Administration to provide written notice of its decision concerning his application for appointment as representative payee for his daughter.

In their response to Plaintiff's petition, the Social Security Administration makes two arguments. First, the SSA claims that Section 555(e) of the APA is inapplicable in this case because the agency's denial of his request to appoint him as a representative payee is not an initial determination subject to administrative and judicial review, and therefore, Plaintiff is not an interested party under the APA. In the alternative, the Commissioner argues that the January 17, 2001 letter sent to Plaintiff complied with the "prompt notice" requirement of Section 555(e). Plaintiff, on the other hand, argues that the January 17, 2001 letter does not adequately state the grounds for the agency's denial of his petition. Instead, Plaintiff claims that the letter merely dealt with the issue of whether his daughter's records were confidential or subject to disclosure; and as such, he believes that his current petition for a writ of mandamus, seeking to compel the Commissioner of the SSA to make an initial determination regarding his request for appointment as his daughter's representative payee, is properly before the Court.

### Applicable Law/Analysis

Section 1361 of Title 28 of the United States Code provides this Court with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. In this case, Plaintiff invokes this Court's jurisdiction pursuant to Section 1361, in order to compel the Commissioner to perform a duty arguably established by 5 U.S.C.

§ 555(e) and 42 U.S.C. § 405(j). Thus, Plaintiff suggests that this Court may exercise its mandamus jurisdiction over the Commissioner here. *See Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (holding that in certain circumstances, "mandamus jurisdiction may be available in Social Security cases against the Commissioner.").

It is well established that "[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Laurie Q. v. Callahan*, 973 F.Supp. 925, 933 (N.D.Cal. 1997) (*quoting Ringer*, 466 U.S. at 616, 104 S.Ct. 2013). In this case, as we shall now explain, the Court holds that the Commissioner of the Social Security Administration does not owe Plaintiff a clear nondiscretionary duty, and thus, no mandamus jurisdiction lies.

We begin our analysis with an explanation of the representative payee framework, which is set forth in 42 U.S.C. § 405(j)(1)(A). That section states in pertinent part that:

> [i]f the Commissioner of Social Security determines that the interest of any individual under this subchapter, would be served thereby, certification of payment of such individual's benefit under this title may be made, regardless of the legal competency or incompetency of the individual, either for direct payment to the individual, or for his or her use and benefit, to another individual, or an organization, with respect to whom the requirements of paragraph (2) have been met (hereinafter in this subsection referred to as the individual's "representative payee....")

42 U.S.C. § 405(j)(1)(A). In electing to make appointments under this section, the Commissioner of Social Security must conduct a thorough investigation of the person appointed as representative payee and adduce sufficient evidence that the certification is in the best interest of the individual receiving benefits. *See* 42 U.S.C. § 405(j)(2)(A)(i) & (ii). In addition to these statutory provisions, in making the selection of a representative payee, the Commissioner has promulgated extensive regulations to facilitate the process. *See* 20 C.F.R. ch. III, sbpt. F.

An analysis of the statutory and regulatory framework concerning the appointment of a representative payee unmistakably indicates the Commissioner of Social Security has wide discretion to: (1) decide whether or not to appoint a representative payee at all, and (2) if a payee is appointed, select as a payee whomever the Commissioner deems will serve the best interests of the recipient. The discretionary nature of the appointment is exhibited by the fact that "representative payees are not selected for all beneficiaries but only 'upon a finding by the Commissioner of Social Security that the interest of a beneficiary would be served thereby.'" *Laurie Q.*, 973 F.Supp. at 933; *quoting* 42 U.S.C. § 1383(a)(2)(A)(ii)(I). Moreover, the Commissioner's promulgation of extensive regulations, which must be considered before selecting a payee, are also evidence of the discretion the Commissioner has in the selection of a payee.

A similar conclusion was reached in the *Laurie Q.* case where the plaintiff, who was the recipient of Social Security benefits, filed a petition for a writ of mandamus to challenge the appointment of a representative payee. In that case, the plaintiff was a special needs foster child in the care and custody of the county where she resided. The Commissioner of Social Security appointed the county as representative payee for plaintiff, and she filed a suit alleging that the appointment constituted a violation of federal law. Among the claims

made by plaintiff was a request for a writ of mandamus. In rejecting the plaintiff's petition for writ of mandamus the court first held that plaintiff had not exhausted all of the of the available remedies, such as appealing the Commissioner's decision.[1] Germane to our case, the *Laurie Q.* court also held that "[t]hese provisions clearly indicate that the decision to appoint a representative payee and a determination of who will best serve that role are examples of a discretionary duty owed to plaintiffs. Thus, because the plaintiffs have failed to meet the requirements of *Heckler*, this court cannot exercise its mandamus jurisdiction over defendant." *Laurie Q.*, 973 F.Supp. at 933.

We similarly find that because Plaintiff has failed to establish that the Commissioner owes him a clear nondiscretionary duty, we do not have mandamus jurisdiction over this action.

### Alternative Grounds for Dismissal

■ Even were we to find that mandamus jurisdiction exists, the Court agrees with the Commissioner that the January 21, 2001 notice was accompanied by a sufficient statement of grounds for denial. The notice read:

Information about a person's Social Security Benefits is confidential by Law. Except under certain circumstances specified by law and regulations, the Social Security Administration does not reveal such information to any person except the beneficiary involved, or his/her authorized representative.

We have decided that it would be best for Laura Maldonado to have her checks sent to another person.

(Docket # 9, ex. 3). In determining an Agency's duty under Section 555(e),

Courts have consistently held that the reasons requirement imposed under the APA is modest, and does not entitle the applicant to "an extensive exegesis of the underlying reasoning." *Neal v. Secretary of the Navy*, 639 F.2d 1029, 1038 (3rd Cir. 1981); *see also Roelofs v. Secretary of the Air Force*, 628 F.2d 594, 600 (D.C.Cir. 1980). Indeed, by its terms, Section 555(e) requires only "a brief statement of the grounds for denial."

In this case, the notice informed Plaintiff that the information concerning a person's Social Security Benefit is confidential and also explained that the Agency had decided that it would be in the best interest of Plaintiff's daughter to have the checks sent to another person. After receiving the notice from the Commissioner, Plaintiff understood that: (1) he would not be receiving the information from his daughter's file, and (2) that he was not the Commissioner's selection to act as a representative payee for his daughter. Finally, the Court notes that the Commissioner was not in a position to provide an elaborate denial of Plaintiff's request, because in doing so, confidential information contained in his daughter's social security file would have been divulged, thereby violating his daughter's privacy rights.

### Conclusion

For the reasons stated above, Plaintiff's petition for a writ of mandamus is **DENIED**. The above-captioned case is hereby **DISMISSED WITH PREJUDICE**. Judgment will be entered accordingly.

**SO ORDERED.**

---

1. In this case, the United States correctly points out that Plaintiff would not have the opportunity to appeal the decision by the Commissioner denying his petition for appointment as representative payee because the regulations very clearly provide that a denial of a request to be made representative payee is not an initial determination which is subject to administrative and judicial review. *See* 20 C.F.R. § 404.903(c).