Thomas CAVALLO, Plaintiff,

v.

UTICA–WATERTOWN HEALTH INSURANCE COMPANY, INC., f/k/a Blue Cross and Blue Shield of Utica–Watertown, Inc., Defendant.

No. 96–CV–933.

United States District Court, N.D. New York.

March 9, 2000.

Getnick Livingston Atkinson Gigliotti & Priore, LLP, Utica, NY, for plaintiff, Louis P. Gigliotti, of counsel.

Dyer Donnelly & Lilley, Denver, CO, for plaintiff, F. James Donnelly, of counsel.

Hagens & Berman, Seattle, WA, for plaintiff, Steve W. Berman, of counsel.

Clifford A. Cantor, Redmond, WA, for plaintiff.

Hinman, Straub, Pigors & Manning, P.C., Albany, New York, for defendant, Beverly Cohen, Bartley J. Costello, III, of counsel.

*MEMORANDUM–DECISION and ORDER*

HURD, District Judge.

## I. INTRODUCTION

This matter is on remand from the United States Court of Appeals for the Second Circuit. The mandate was filed July 16, 1999, vacating the previously-issued injunction as moot, dismissing the appeal, and remanding to this court. *See Cavallo v. Utica–Watertown Health Ins. Co.*, 181 F.3d 82 (2d Cir. 1999) (Table) (unpublished summary order available at 1999 WL 314139), *vacating and remanding* 985 F.Supp. 72 (N.D.N.Y.1997), *on reconsideration to* 3 F.Supp.2d 223 (N.D.N.Y.1998).

Plaintiff's motion for class certification, opposed by defendant, is pending, decision having been previously reserved. Subsequent to issuance of the Second Circuit mandate, the parties submitted additional briefing on the

issue of class certification. Additionally, with court permission, defendant filed a motion to dismiss based upon plaintiff's alleged lack of standing now that plaintiff's equitable relief is moot. *See id.* at *2 (suggesting that this court may want to "revisit the standing question" given that plaintiff's "claim for injunctive relief is moot"). Plaintiff opposes the motion to dismiss. Oral argument was heard on September 9, 1999, in Utica, New York. Decision was reserved.

In order to evaluate the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a), as well as the viability of plaintiff's alternative proposal to substitute a class representative in the event Thomas Cavallo is found to lack standing to pursue the action, the defendant was directed, by Order dated December 14, 1999, to provide information, solely within its possession, regarding the number of persons, if any, who would fall within defendant's proposed class,[1] and the amount of out-of-pocket loss suffered by those putative class members. Defendant supplied the information, which plaintiff reviewed with the assistance of his expert. The parties then submitted letter briefs.

## II. BACKGROUND

Plaintiff brought this lawsuit pursuant to the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. §§ 1001–1461. Plaintiff alleged that defendant Utica–Watertown Health Insurance Company, Inc. ("Blue Cross") breached the Comprehensive Contract Form CMMC/92 ($100) ("Contract"), under which defendant provided health care benefits to plaintiff. Plaintiff further alleged that the breach of contract constituted a breach of fiduciary duty by defendant as administrator of the health benefit plan. Plaintiff initially sought declaratory, injunctive, and compensatory relief as well as an accounting, formation of a constructive trust, and reimbursement for attorneys fees and costs. Plaintiff was granted summary judgment on the issue of liability. 985 F.Supp. at 82.

On reconsideration it was recapitulated that Blue Cross violated ERISA by failing "to disclose the true method by which subscribers' coinsurance liability for inpatient hospital services was computed, misleading subscribers about that method, and [failing] to dispute hospital charges which exceeded the DRG Rate, the maximum permitted by" New York law. 3 F.Supp.2d at 231. A permanent injunction issued enjoining defendant from "calculating participants' coinsurance liability for inpatient hospital services except in compliance with New York [law], as set forth" by the order, and requiring defendant to notify subscribers "of the correct method to be used for calculating coinsurance for inpatient hospital services." 985 F.Supp. at 83. The appellate court found the

---

1. Plaintiff proposed the following class definition:

All participants in ERISA-regulated health plans underwritten, operated, or administered by defendant ("Blue Cross"), for whom Blue Cross made payments to hospitals pursuant to plan language that specified percentages to be paid by Blue Cross and/or participants—for example, 80%–20%—under circumstances in which Blue Cross actually paid less then [sic] its percentage share. Excluded from the class are those persons who hold or have held executive or legal positions at Blue Cross, and the spouse or children of any such person.

(Pl.'s Not.Mot.) Although defendant opposes certification of the class, it proposed an alternative definition in the event certification is granted, as follows:

All participants in ERISA-regulated health plans underwritten, operated, or administered by Utica–Watertown Health Insurance Company, Inc., f/k/a/ Blue Cross and Blue Shield of Utica–Watertown, Inc. ("Blue Cross"), for

whom, during the period beginning June 11, 1990 and ending December 31, 1996, Blue Cross made payment determinations with respect to inpatient hospital services pursuant to plan language stating that Blue Cross would share health care costs is a specified percentage, for example 80%–20%, under circumstances in which: (i) Blue Cross calculated its subscriber's percentage coinsurance on the basis of actual hospital charges, while calculating the insurer's coinsurance on the basis of the diagnostic related group, or DRG, methodology; and (ii) the participant actually suffered out-of-pocket loss. Excluded from the class are those persons who hold or held executive or legal positions at Blue Cross and the spouse and children of such persons.

(Def.'s Mem.Law Jan. 29, 1998, at 24–25.) Because actual damages, if any, to the plaintiff and proposed class members is the only remaining issue, defendant's proposed class definition is more appropriate and restrictive than plaintiff's proposed class.

need for injunctive relief moot and declined to reach the merits because it had limited jurisdiction over the appeal, which was brought pursuant to 28 U.S.C. § 1292(a)(1). 1999 WL 314139, at *1. The underlying facts are set forth more fully in the prior decisions, familiarity with which is assumed.

## III. DISCUSSION

■ In order to have standing to sue, a plaintiff must suffer an actual or threatened injury, thereby satisfying the case or controversy requirement of Article III of the United States Constitution. *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir.1997). Such injury must be "distinct and palpable," as opposed to abstract. *Id.* at 330. Moreover, a decision in the plaintiff's favor must provide redress for the injury in order for it to be considered an actual injury. *Id.* Thus, if plaintiff has not suffered a distinct injury that can be remedied by the court, he lacks standing to sue. *Id.* at 329–30; *Toumajian v. Frailey*, 135 F.3d 648, 656 (9th Cir.1998).

Defendant claims that plaintiff did not suffer an actual injury and that he therefore lacks standing to sue. Plaintiff's claims for injunctive and declaratory relief are moot. Defendant contends that due to plaintiff's lack of compensatory damages he has no standing to pursue this lawsuit. Plaintiff argues in opposition that as Cavallo's claims were mooted after the motion for class certification was filed but before resolution of the motion, the claims survive due to the relation back doctrine. *See, White v. Mathews*, 559 F.2d 852, 857 (2d Cir.1977); *Crisci v. Shalala*, 169 F.R.D. 563, 567 (S.D.N.Y.1996).

The United States Court of Appeals for the Second Circuit found that plaintiff's injunctive relief was mooted through the action of the New York legislature. 1999 WL 314139, at *1. Any claims for injunctive relief by putative class members are also mooted by the same legislative action.

■ As for any compensatory damages, plaintiff reached his maximum coinsurance amount, so that the amount used as a basis for his coinsurance did not alter the amount of coinsurance that he paid. *See* 985 F.Supp. at 75. Defendant has suggested that any loss on plaintiff's part would have been $29.46. *See id.* Plaintiff contends that he has actual damages of $3.19. If plaintiff has damages of any amount, those damages are purely theoretical and are not actual, out-of-pocket losses to him. Plaintiff reached his maximum coinsurance amount of $400.00 with the payment of $341.00 in relation to the inpatient hospital services at issue here. Thus, whether plaintiff's twenty percent coinsurance was taken of the DRG Rate, $3,708.78, or the amount billed, $4,101.54, plaintiff still paid $341.00. *See id.* Because plaintiff paid the same amount independent of the calculation under controversy in this case, plaintiff suffered no actual damages. Any theoretical damages [2] are not compensable, and are insufficient to confer standing upon plaintiff.

Cavallo suffered no actual injury for which redress can be provided and accordingly lacks standing to pursue this action. The law suit will survive defendant's motion to dismiss only if the relation back doctrine applies.

■ Where an individual representative's claims are mooted after a motion for class certification is filed, but before the class certification question is resolved, the class action will survive. *Crisci*, 169 F.R.D. at 567. In that circumstance, it may be appropriate for the named plaintiff, whose claim has become moot, to continue to represent the class, particularly where a live controversy continues

---

2. Plaintiff contends that Blue Cross underpaid St. Luke's by $3.19, an unearned benefit to Blue Cross. Plaintiff argues that disgorgement of this unearned benefit is the appropriate relief. However, no such relief is available under ERISA, making such damages theoretical or abstract rather than actual.

Defendant has suggested that the maximum amount of plaintiff's damages is $29.46. This amount would represent an overpayment made by Blue Cross to St. Luke's. The amount Blue Cross actually paid was $3397.24. Had the calculation been done using the DRG Rate rather than the amount billed, Blue Cross would have paid the hospital $3367.78. The difference between $3397.24 and $3367.78 is $29.46. These calculations are unavailing to plaintiff as well, since any amount theoretically overpaid by Blue Cross to St. Luke's does not translate into actual damages suffered by him.

to exist as to the unnamed members of the class. *Id.* at 568.

■ Again, Cavallo's claims for injunctive relief were mooted by legislative action. 1999 WL 314139, at *1. This legislative action necessarily mooted the claims of the unnamed plaintiffs. It would be inappropriate to apply the relation back doctrine where, as here, the controversy was extinguished as to all named and unnamed members of the class as a result of the legislative action. *Cf. Crisci,* 169 F.R.D. at 567–68.

While emphatically arguing that Cavallo is a proper named plaintiff and member of the putative class, in the alternative, plaintiff seeks to substitute the named plaintiff in order to sustain this action. The viability of this alternative depends upon the feasibility of such a substitution and the propriety of class certification. Examination of the data defendant provided regarding subscribers who may have had out-of-pocket losses during the time period in question, 1990 to 1996, and the parties' reaction to the data, is instructive.

In 1990 and 1991 Blue Cross did not require coinsurance payments for inpatient services, so there were no subscribers who would fall within the proposed class definition during those years. See *supra* note 1 for the proposed class definition. As a starting point, Blue Cross reviewed inpatient hospitalization records for 1996, the year anticipated to have the largest number of inpatient claims for which percentage coinsurance was billed. Making certain assumptions about non-ERISA subscribers, percentage coinsurance amounts, individual maximum coinsurance amounts, and out of area inpatient hospitalizations, Blue Cross determined that there were 155 claims for a total out-of-pocket loss of $12,835.35. Blue Cross did not include claims that resulted in an out-of-pocket loss of less than $1.00.

Plaintiff's expert studied and analyzed the 1996 claims data provided by Blue Cross to determine whether the loss information was reasonable and accurate. Plaintiff now contends that the Blue Cross analysis erred in failing to include professional claims, outpatient claims, and non-DRG-based inpatient claims.

Any subscriber who may have claims relating to professional services, outpatient services, or non-DRG-based inpatient hospital services would not fall within the proposed class, even as defined by plaintiff. *See supra* note 1. Including claims for overpayments for professional services, outpatient services, or non-DRG-based inpatient hospital services would significantly expand the scope of the claims in the lawsuit. Inclusion of those claims in any data analysis or legal argument regarding numerosity, commonality, typicality, and class representation would be misleading at best. Plaintiff's statement that "significant categories of claims were overlooked" is incongruous. (*See* Cantor letter 2-25-00.) Yet plaintiff maintains the position that the class should be certified. *Id.*

■ The prerequisites to a class action and the additional requirements for maintenance as a class action are set forth in Federal Rule of Civil Procedure 23. In addition to the straightforward requirements of Rule 23, the class must be definable and the representative plaintiff must be a member of the class. *Medicare Beneficiaries' Defense Fund v. Empire Blue Cross Blue Shield,* 938 F.Supp. 1131, 1139–40 (E.D.N.Y.1996). Plaintiff bears the burden of establishing the requirements for a class action. *Id.* at 1139. Failure to establish even one requirement for a class action is fatal to a motion to certify a class. *See Crisci,* 169 F.R.D. at 571.

Plaintiff has not met the burden of establishing a definable class. Plaintiff's new suggestion that persons who suffered out-of-pocket losses due to the manner in which Blue Cross calculated coinsurance payments for professional services, outpatient services, or non-DRG-based inpatient hospital services would also be class members is inconsistent with his proposed class definition.

■ Moreover, even if the claims were restricted to those for DRG-based inpatient hospital services, plaintiff falls short of meeting his burden. As previously discussed, Cavallo suffered no actual damages and any claim for equitable relief is moot. Even if plaintiff had standing to remain as a plaintiff in the lawsuit, he has not established how he

can fairly and adequately protect the interests of the class, given his lack of interest in the outcome. *See* Fed.R.Civ.P. 23(a)(4). Nor has plaintiff identified any alternate person who could be substituted as a representative plaintiff.[3]

## IV. CONCLUSION

Plaintiff suffered no actual damages and any claim he may have had for equitable relief is moot. The relation back doctrine is inapplicable where, as here, any plaintiff's claim for equitable relief was mooted by the same legislative action that mooted the named plaintiff's claim. Therefore, plaintiff lacks standing to pursue this action. Even if plaintiff had standing to pursue the action, class certification is improper, as plaintiff failed to establish at least one requirement for a class action. An alternative, to substitute another person as the representative plaintiff, is not viable due to plaintiff's failure to identify such a person.

Accordingly, it is

ORDERED that

1. Defendant's motion to dismiss is GRANTED and the complaint is dismissed in its entirety; and

2. Plaintiff's motion to certify the class is DENIED as moot.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

---

**3.** Notably, this lawsuit was filed on June 11, 1996, almost four years ago. Plaintiff has had almost four years to pursue the identity of another person who might represent this class, but has failed to do so. Further, it is unavailing for plaintiff to seek the name of such a person from defendant, as state law protects the confidentiality of such subscriber information. *See, e.g.,* N.Y.C.P.L.R. § 4504 (McKinney 1992 & Supp. 1999–2000).