Elisa **ENCARNACION** o/b/o Arlene George and Ana Felipe o/b/o Victoria Felipe, on behalf of themselves and all other persons similarly situated, Plaintiffs,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

Clarice Garner o/b/o Tyleke Hardmon, a minor, Plaintiff,

v.

Jo Anne B. Barnhart, Commissioner of Social Security, Defendant.

No. 00CIV.6597(LTSTHK), 01CIV.0821(LTSTHK).

United States District Court, S.D. New York.

Jan. 11, 2002.

Center for Disability Advocacy Rights, Inc., New York City by James M. Baker, Christopher James Bowes, Kramer Levin Naftalis & Frankel LLP, New York City by Jeffrey S. Trachtman, Michelle A. Rossettie, Northern Manhattan Improvement Corporation, New York City, by Kenneth Rosenfeld, Matthew Chachere, for Plaintiffs.

Mary Jo White, United States Attorney for the Southern District of New York, New York City by Susan D. Baird, for Defendant.

*OPINION ON MOTION TO CONSOLI-DATE CASES, MOTION TO DIS-MISS THE GARNER ACTION, AND MOTION FOR LEAVE TO FILE SECOND AMENDED COM-PLAINT IN ENCARNACION AC-TION*

SWAIN, District Judge.

*Encarnacion v. Barnhart,* 01 Civ. 6597, is a putative class action in which the named plaintiffs challenge certain regulations of the Commissioner of Social Security pertaining to the provision of disability benefits to children and seek review of the Commissioner's determinations with respect to their individual applications for Social Security disability benefits. *Garner v. Barnhart,* 01 Civ. 0821, was commenced as an individual action for review of a social security disability benefit determination and challenges the subject regulation as well. The *Encarnacion* plaintiffs' motion for class certification is pending before the Court, as is defendant's cross-motion for judgment on the pleadings.

This Opinion addresses the application of the *Encarnacion* and *Garner* plaintiffs [1] for consolidation of *Garner* with *Encarnacion,* as well as defendant's cross-motion to dismiss the *Garner* action as moot. Oral argument on the motions was heard on November 28, 2001. The Court has considered thoroughly all submissions and arguments made in support of and in opposition to the motions. For the following reasons, the Commissioner's determination in *Garner* will be reversed and remanded for a finding that Tyleke Hardmon is dis-

---

1. The named plaintiffs in these actions are     referred to collectively herein as "Plaintiffs."

abled, Plaintiffs' motion for consolidation will be denied, and Plaintiffs' motion to amend the *Encarnacion* complaint will be granted.

## BACKGROUND

Plaintiffs in each of these actions assert that they were wrongfully denied Social Security disability benefits because, in reaching the determination that their children[2] are not disabled, the Commissioner of the Social Security Administration ("SSA") applied what plaintiffs characterize as a "non-combination policy," which, according to Plaintiffs, gives no weight to functional limitations that are less severe than "marked" in deciding applications for Social Security Income ("SSI") benefits based on childhood disability.[3] The *Encarnacion* plaintiffs also seek declaratory and injunctive relief requiring the Commissioner to discontinue the "non-combination" policy, promulgate regulations "that ensure that children with multiple impairments will receive fair and accurate consideration of the combined effects of all of their impairments, including impairments that impose less than marked limitations of function," and review all unfavorable determinations made pursuant to the PRWORA and the challenged regulations. (Am. Class Action Compl. at 20.) With respect to each named plaintiff, the complaint in each action further identifies alleged defects in the agency's adjudication of the individual applications for disability

**2.** The parent or guardian of each named plaintiff has sued on behalf of her minor child and, in the *Encarnacion* case, all other persons similarly situated.

**3.** Following the enactment of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub.L. No. 104–193 (August 26, 1996) ("PRWORA"), which amended the Social Security Act (codified at 42 U.S.C. §§ 301–1397), the Commissioner promulgated regulations requiring that, to be eligible for SSI benefits on the basis of func-

benefits and seeks judicial review of the denial of benefits on individual bases.

Defendant has moved to dismiss the *Garner* complaint in its entirety, alleging that the claims are mooted by the Commissioner's proffer of an agreement to have the underlying adverse benefit determination reversed and remanded for a finding of disability. Plaintiffs move to consolidate *Garner*, an individual action, with the *Encarnacion* class action. In papers filed in support of their motion to consolidate, Plaintiffs propose that Clarice Garner, acting on behalf of Tyleke Hardmon, serve as a representative of the *Encarnacion* class. Plaintiffs also move to file a second amended class action complaint in *Encarnacion* adding as named plaintiffs and class representatives Sandra Perez, acting on behalf of Maurice Perez, and Margarita Guzman, on behalf of Eric Garcia. Because Plaintiffs' motion to consolidate and Defendant's motion to dismiss the *Garner* complaint are interrelated, they are addressed together; Plaintiffs' motion for leave to file a second amended complaint is discussed in turn.

## DISCUSSION

*Plaintiffs' Motion to Consolidate and Defendant's Motion to Dismiss Garner*

The *Encarnacion* action was initiated by the filing of a complaint on September 1, 2000. The *Garner* complaint was filed on

tional limitations, a child applicant must demonstrate either "extreme" limitations in at least one identified area of functioning or "marked" limitations in two areas of functioning. *See* 20 C.F.R. § 416.926a (1997). Plaintiffs assert that the Commissioner's policy of refusing to consider the combined effects of any impairments that impose less than marked limitations of function violates the Social Security Act and the Commissioner's regulations promulgated thereunder.

February 2, 2001.[4] Plaintiffs moved for class certification in *Encarnacion* on November 8, 2000, and for consolidation of *Encarnacion* and *Garner* on March 16, 2001. On April 30, 2001, the Commissioner proffered a stipulation reversing and remanding the adverse benefit determination in the *Garner* plaintiff's SSI case for the purpose of issuing a decision finding Tyleke Hardmon, the minor child on whose behalf the *Garner* action was commenced, disabled. (Decl. of Susan Baird, sworn to May 24, 2001, ¶ 5.) On May 24, 2001, Defendant moved to dismiss the *Garner* action, on the grounds that the Commissioner's offer leaves the *Garner* plaintiff without a personal stake in the claim, thereby depriving the Court of jurisdiction under Article III, Section 2, of the Constitution, which restricts the jurisdiction of federal courts to cases and controversies.

Plaintiffs concede that an award of benefits would moot the individual claim in *Garner* but maintain that the Commissioner's proffer of individual relief should not preclude the *Garner* plaintiff's service in a representative capacity. They argue that, under Second Circuit precedent, an offer of individual relief that postdates a motion for class certification does not impair a plaintiff's ability to serve as a class representative. Defendant argues that the mootness exception upon which Plaintiffs rely is inapplicable to the *Garner* plaintiff because his claim was brought in an individual capacity only and that Plaintiffs used an improper procedural vehicle to propose him as a class representative.[5] Concluding that the offer therefore moots his claim, Defendant urges denial of the motion to consolidate and dismissal of the *Garner* action.

■ "The mootness doctrine is derived from Article III of the Constitution, which provides that federal courts may decide only live cases or controversies." *Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir.2001). With limited exceptions, "[a] case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Id.* (quoting *Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 647 (2d Cir.1998)). "Although the 'case-or-controversy' requirement has itself been a fertile ground for controversy through the years, at its uncontroverted core lies the principle that, at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural." *Russman v. Bd. of Educ.*, 260 F.3d 114, 118 (2d Cir.2001). When a claim becomes moot, the court loses jurisdiction over the suit, which therefore must be dismissed. *Id.* at 118–19.

Plaintiffs concede that the Commissioner has offered relief that moots Tyleke Hardmon's individual claims. (*See* Pls.' Mem. in Further Supp. of Mot. to Consolidate and in Opp. to Deft.'s Mot. to Dismiss ("Pls.' Br."), at 2.) Plaintiffs argue that Hardmon is not precluded from serving as

---

4. Plaintiffs' counsel, who have appeared in both actions, indicate that the *Garner* plaintiff intended from the outset to serve as a class representative in *Encarnacion* but filed a separate complaint in an individual action because the 60–day statute of limitations on review of a denial of SSI benefits was soon to expire (February 5, 2001), and it was unclear to Plaintiffs' counsel whether a motion to intervene in *Encarnacion* would toll the stat-ute. *See* Aff. of James Baker, sworn to March 16, 2001, ¶ 4.

5. "[C]onsolidation ... does not merge the suits into a single cause, or change the rights of the parties or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496, 53 S.Ct. 721, 77 L.Ed. 1331 (1933).

a class representative in the *Encarnacion* action, however, because in the Second Circuit, a class action and a litigant's ability to represent a class may survive a defendant's offer of full relief where the offer is made (or other mooting act occurs) after the filing of a motion for class certification but before the court has decided such a motion.

The exception urged by Plaintiffs is, indeed, uniquely applicable in the class action context. *See, e.g., White v. Mathews,* 559 F.2d 852, 857 (2d Cir.1977) (finding that, in Social Security class action where named plaintiff's individual claim was mooted by grant of full relief before class was certified, "[t]he existence of a controversy [when plaintiff moved for class certification] was sufficient ... to enable [the] suit to proceed as a class action"); *Crisci v. Shalala,* 169 F.R.D. 563, 567 (S.D.N.Y. 1996) ("In the context of a class action, ... the Supreme Court has adopted a 'flexible' approach to the mootness doctrine ....") (citing *Sosna v. Iowa,* 419 U.S. 393, 402 n. 11, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975)).

█ Notwithstanding the broad assertions in the *Garner* complaint of impropriety of the Commissioner's non-combination policy and its effect on the adjudication of Hardmon's claim, a finding that Hardmon is disabled and the grant of benefits addresses his claim of entitlement to receive disability benefits. *Garner* is pleaded as an individual lawsuit rather than as a putative class action. The complaint does not include prayers for declaratory or injunctive relief. Nor is Tyleke Hardmon mentioned, let alone named as a putative class representative, in the *Encarnacion* plaintiffs' proposed Second Amended Complaint. Because the *Garner* pleading asserted no class claims and Plaintiffs have not proposed him as a named representative in the proposed Second Amended Complaint, the mootness exception, which recognizes and permits the pursuit of class-based elements of a claim even though a plaintiff's individual claim has been satisfied, is simply inapplicable to Tyleke Hardmon's claims. Given the particulars of the procedural posture of this case, application of the exception here is not necessary to prevent "the SSA [from] avoid[ing] judicial scrutiny of its procedures by the simple expedient of granting hearings to plaintiffs who seek, but have not yet obtained, class certification." *White,* 559 F.2d at 857.

Moreover, it is not clear that Plaintiffs will be prejudiced by the absence of Clarice Garner as a named representative. Plaintiffs assert in conclusory fashion that Hardmon's case is a good exemplar of the effects of the Commissioner's non-combination policy and that, without him, Plaintiffs may have a shortage of class representatives. As discussed *infra,* Plaintiffs' motion to amend the *Encarnacion* complaint will be granted, adding two new putative class representatives. It does not appear that Garner's inclusion as a class representative is necessary to ensure presentation of any particular aspect of the claims raised on behalf of the class.

The motion to consolidate *Garner* with *Encarnacion* will therefore be denied. In that judgment has not been entered based on the Government's proffer to the *Garner* plaintiff, simple dismissal of *Garner* as moot would not be appropriate. *Cf. Abrams v. Interco, Inc.,* 719 F.2d 23, 26 (2d Cir.1983) (noting that district court had directed settlement of judgment consistent with relief proffer in connection with dismissal of complaint); *F.D.I.C. v. Grella,* 553 F.2d 258, 264 (2d Cir.1977) (remanding to district court for finding as to whether proffered agreement fully protects F.D.I.C., and "then *upon delivery of*

*same* to dismiss the complaint" (emphasis supplied)). The Court will enter an order and judgment consistent with the proffered agreement reversing and remanding the Commissioner's adverse decision on the *Garner* plaintiff's March 19, 1999, decision and dismissing the complaint.

*Plaintiffs' Motion for Leave to Amend the Encarnacion Complaint*

The *Encarnacion* plaintiffs seek leave to file a Second Amended Complaint. The proposed amendment would add as class representatives two plaintiffs, Sandra Perez on behalf of her minor child Maurice Perez ("Perez") and Margarita Guzman on behalf of her minor child Eric Garcia ("Garcia"). The Perez and Garcia claims are currently the subjects of actions, pending before other judges of this Court, that raise the same non-combination policy issues pleaded in *Encarnacion.*[6] The current *Encarnacion* complaint is identical to the proposed Second Amended Complaint with regard to its challenges to the Commissioner's non-combination policy.[7] The proposed complaint further asserts that the denial of benefits to Eric Garcia and Maurice Perez was, for reasons unique to their individual cases, infected by errors of law.

■ Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading once as a matter of course before a responsive pleading is served, otherwise "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires . . . ." Fed.R.Civ.P. 15(a). The decision to grant or deny leave to amend lies within the sound discretion of the district court. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Northern Assurance Co. of America v. Square D Co.,* 201 F.3d 84, 87 (2d Cir.2000); *Lennon v. Seaman,* No. 99 Civ. 2664, 2001 WL 262827, at *3 (S.D.N.Y., March 16, 2001).

■ "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir.1993); *see also Federal Deposit Ins. Corp. v. Weise Apartments,* 192 F.R.D. 100, 104 (S.D.N.Y.2000). Delay alone is insufficient to justify the denial of a motion to amend. *See Block,* 988 F.2d at 350.

Defendant argues that the claims of the two proposed plaintiffs are moot, and that amendment of the complaint is futile, because the Commissioner has offered all the relief sought by the two plaintiffs, even though those plaintiffs have declined to stipulate to such disposition of their claims. Defendant asserts that, "[a]lthough Perez and Garcia challenge earlier denials of SSI benefits, both were awarded benefits on subsequent applications, prior to this motion for leave to file a second amended complaint" (Deft.'s Mem. in Opp. to Mot. to File 2nd Am. Compl., at 2) and that, following service of the motion to amend, "the Commissioner re-examined the claims and offered to remand each action to the Commissioner for the purpose of finding Perez and Garcia disabled in connection with their earlier claims for benefits, thereby affording each all the relief sought in his complaint" (*id.*). Plaintiffs do not dispute that full relief has been offered,

---

**6.** Perez's case, captioned *Perez o/b/o Maurice Perez v. Barnhart,* 00 Civ. 9581, is pending before Judge Marrero. Garcia's case, captioned *Guzman o/b/o Eric Garcia v. Barnhart,* 01 Civ. 3335, is pending before Judge Scheindlin.

**7.** *Compare Encarnacion* Am. Class Action Compl. ¶¶ 2–5, 37–49, 58 *with Encarnacion* proposed Second Am. Class Action Compl. ¶¶ 2–5, 39–51, 68.

but assert that, because full relief was offered only after the motion for class certification was filed, a live case or controversy existed at the time of the filing for class certification and this Court can therefore retain jurisdiction.

■ As already noted, class claims may survive an otherwise mooting act of the defendant when there existed at the time of the filing of a motion for class certification or a class action complaint a live case or controversy. *See White,* 559 F.2d at 856–57; *German v. Federal Home Loan Mortgage Corp.,* 896 F.Supp. 1385, 1399 (S.D.N.Y.1995). Because of the risk that would-be class representatives may be "picked off" by a defendant before a class action can proceed, courts facing issues of mootness in the class action context may apply a more flexible approach. *See generally Crisci,* 169 F.R.D. at 567 (discussing flexible approach adopted by the Supreme Court in the context of class actions).

> There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the [particular case] and especially the reality of the claim that otherwise the issue would evade review.

*Sosna,* 419 U.S. at 402 n. 11, 95 S.Ct. 553.

■ The two proposed new plaintiffs, like the *Garner* plaintiff, brought actions in their individual capacities only. Certain of the considerations that lead the Court to conclude that *Garner* is mooted in its entirety by the Commissioner's relief proffer are implicated here as well. Plaintiffs were not parties to an action in which class claims had been asserted at the time the Commissioner's proffer was made. They had already, however, moved to join *Encarnacion* by way of the proposed Second Amended Complaint. The procedural vehicle employed here, unlike the consolidation proposed in *Garner,* would make the two proposed plaintiffs parties to the putative class action. The Court concludes that, because the *Perez* and *Guzman* plaintiffs had in effect tendered class claims prior to the Commissioner's proffer of complete individual relief, the policies underlying the relation-back exception to the mootness doctrine are appropriately applied here and the proposed amendment should be allowed, absent prejudice to defendant.[8]

Defendant's remaining arguments against amendment of the complaint are also unpersuasive. The Court finds that allowance of the proposed amendment will not prejudice unfairly the defendant. Defendant's pending motion in *Encarnacion* for judgment on the pleadings and to dismiss the complaint will not be affected by the grant of leave to Plaintiffs to file the proposed Second Amended Complaint. Defendant's motion focuses on the Commissioner's non-combination policy. The proposed complaint does not seek to change the Plaintiffs' legal position with respect to the propriety of that policy. Defendant's substantive motion is already fully briefed and has been argued; there is thus no need for concern with regard to delay. Furthermore, the delay occasioned by the need to adjudicate the motion to amend was not inordinate. "In assessing what constitutes prejudice, the court should consider whether 'the new claim would: (i) require the opponent to expend

---

8. Plaintiffs have indicated that, if their motion to amend in this matter is granted, the two new plaintiffs will seek to discontinue the other actions. The Court expects that they will do so promptly and that the parties will work together to avoid delay of the discontinuation of those actions.

significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Amaker v. Haponik,* 198 F.R.D. 386, 390 (S.D.N.Y.2000) (quoting *Block,* 988 F.2d at 350). No such dangers are presented here. Indeed, because the Commissioner is already defending separately the two plaintiffs' individual actions, which also raise the non-combination policy issue, the grant of leave to amend may save Defendant time and expense in connection with any further motion practice and trial.

### CONCLUSION

For the reasons explained above, the Commissioner's adverse determination in the *Garner* action will be reversed and remanded for a finding of disability, and Defendant's motion to dismiss the complaint in that action granted. Plaintiffs' motion to consolidate *Garner* with *Encarnacion* will be denied, and the *Encarnacion* plaintiffs' motion to amend their complaint will be granted.